*United States District Court*
*for the District of Columbia*

FAITH SNYDERMAN, a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman
4740 Connecticut Avenue, N.W.
Washington, D.C. 20008,

RACHEL SNYDERMAN, a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman
4740 Connecticut Avenue, N.W.
Washington, D.C. 20008,

and

LOIS ROSEN AND MARK SNYDERMAN, as parents and next friends of Faith Snyderman and Rachel Snyderman, and in their own right
4740 Connecticut Avenue, N.W.
Washington, D.C. 20008.

Plaintiffs

v.

THE DISTRICT OF COLUMBIA
a municipal corporation
444 4th Street, N.W.
Washington, D.C. 20001

and

CLIFFORD B. JANEY, Superintendent,
District of Columbia Public Schools
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002,

Defendants

Civil Action No.

# COMPLAINT
*(Enforcement of rights pursuant to Individuals with Disabilities Education Act/violation of 42 U.S.C. §1983/violation of Rehabilitation Act of 1973)*

This action is brought to enforce the rights of two minor disabled children and their parents. Faith Snyderman, the older child, and her parents prevailed in a due process hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), and consequently are entitled to payment of their legal fees and expenses. Notwithstanding their victory, defendant the District of Columbia, through its agency, the District of Columbia Public Schools ("DCPS"), has not fulfilled its obligations to these plaintiffs. DCPS has acted in this matter pursuant to a policy not to pay attorney's fees it owes, and consequently its actions violate 42 U.S.C. §1983.

Rachel Snyderman, the younger child, is a disabled child who is entitled to accommodations pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 ("the Rehabilitation Act"). After much delay, DCPS has recognized Rachel as disabled and entitled to accommodations, but has failed to provide all appropriate services and therefore has denied her a free appropriate public education.

*Allegations applicable to both plaintiffs*

1. This Court has jurisdiction over the subject matter of this complaint pursuant to the IDEA, the Rehabilitation Act, 42 U.S.C. §1988, and 28 U.S.C. §1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)

3. Minor plaintiff Faith Snyderman ("Faith") resides in the District of Columbia at the address given in the caption.

2

4. Minor plaintiff Rachel Snyderman ("Rachel") resides in the District of Columbia at the address given in the caption.

5. Lois Rosen ("Ms. Rosen") and Mark Snyderman ("Mr. Snyderman"), Faith's and Rachel's parents and legal guardians, reside in the District of Columbia at the address given in the caption.

6. Defendant District of Columbia is a municipal corporation which, through its Board of Education, receives federal funds and consequently is subject to the provisions of the IDEA and the Rehabilitation Act.

7. Defendant Clifford B. Janey is the Superintendent of Schools of the District of Columbia and as such is charged with operating DCPS, including its compliance with all applicable laws.

*Allegations applicable to Faith Snyderman*

8. Faith is a disabled student who is entitled to special education and related services under the IDEA. Because DCPS did not meet its IDEA obligations to her, Ms. Rosen and Mr. Snyderman requested a due process hearing to address DCPS's failure to provide a free appropriate public education.

9. The due process hearing was scheduled for March 2, 2004. At the hearing, the parties settled their differences and a hearing officer's determination issued which embodied their agreement and also directed the parties to perform certain tasks to effectuate it. A copy of the determination is attached hereto as Exhibit 1.

10. Faith and her parents prevailed at the hearing and consequently were entitled to an award of the attorney's fees and expenses they reasonably incurred in securing this result.

11. Faith and her parents timely submitted a request for payment of their legal fees and expenses to DCPS, following administrative procedures then in effect.

12. DCPS has never responded to the fee/expense request, neither taking issue with it nor paying the sums that are due.

*Allegations applicable to Rachel Snyderman*

13. Rachel is–and at all relevant times has been–a student at Murch Elementary School, a public school operated by DCPS.

14. On December 17, 2002, Ms. Rosen asked the staff at Murch to evaluate Rachel for suspected disabilities. This request was made, in part, because Rachel's teachers recommended it. In response, on January 10, 2003 DCPS conducted an incomplete speech and language evaluation that concluded that Rachel did not require intervention at that time.

15. On March 17, 2003, DCPS representatives met with Ms. Rosen and Mr. Snyderman to inform them about the report's conclusions and to advise that DCPS did not believe Rachel was disabled or eligible for services. Ms. Rosen and Mr. Snyderman did not agree with DCPS's conclusion. On March 28, 2003, they brought a number of additional issues to DCPS's attention and asked it to conduct a comprehensive assessment of Rachel. They subsequently provided privately obtained speech/language and educational evaluations that identified disabling conditions that DCPS needed to consider and address.

16. On June 13, 2003, DCPS conducted its second speech/language evaluation of Rachel, which included consideration of the private evaluation. The DCPS evaluator did not understand the private assessment and mistakenly believed that Rachel had tested in the average range. Consequently, she did not recommend intervention for Rachel.

17. A separate psychoeducational evaluation conducted by DCPS on June 17, 2003 found that Rachel was not learning disabled within the meaning of IDEA, but recommended an occupational therapy evaluation to ascertain whether Rachel had other needs. This evaluation took place on October 3, 2003 and October 31, 2003. In the interim, Ms. Rosen and Mr. Snyderman had arranged for a private occupational therapy evaluation because they were concerned about the long delay, and made that evaluation available to DCPS. Based upon all available information, including that contained in Rachel's private evaluations, the DCPS evaluator eventually recommended that Rachel receive occupational therapy.

18. DCPS convened a multidisciplinary team (MDT) meeting on November 5, 2003 to discuss Rachel's eligibility for services as a disabled student. The team concluded that Rachel was not disabled as that term is defined by IDEA, and accordingly found her ineligible for special education. Ms. Rosen and Mr. Snyderman do not challenge this determination. The team further found that Rachel was disabled within the meaning of the Rehabilitation Act and recommended that she receive occupational therapy, but DCPS refused to recommend speech therapy in light of its evaluator's erroneous conclusions. Ms. Rosen and Mr. Snyderman protested the speech/language decision and asked DCPS to review the private evaluation more carefully.

19. While awaiting further action by DCPS, Ms. Rosen and Mr. Snyderman commenced private speech therapy for Rachel, at their own expense.

20. The requested DCPS review took place on December 15, 2003, and recommended further speech/language testing, but otherwise reached no conclusions. DCPS provided a copy of the review to Ms. Rosen and Mr. Snyderman in March 2004.

21. DCPS did not request Ms. Rosen's and Mr. Snyderman's consent to the recommended additional testing until September 2004, and did not conduct the recommended re-testing until November 2004. By this time, Rachel had completed private speech/language therapy. DCPS's formal evaluation, dated November 27, 2004, found no need for speech/language intervention at that time.

22. DCPS reconvened an MDT meeting for Rachel on January 6, 2005, at which time all team members agreed that based upon Rachel's then-current performance, she did was not disabled within the meaning of IDEA, was not eligible for special education, and that occupational therapy was the only service she needed at that time as a student qualifying for services under the Rehabilitation Act. Ms. Rosen and Mr. Snyderman observed, however, that Rachel's progress up to that point in the speech and language areas was attributable to the private interventions they had secured and paid for while DCPS took over two years to assess Rachel's needs. They requested reimbursement for those services and for the evaluations they had obtained when DCPS failed to conduct proper occupational therapy and speech/language assessments.

23.  DCPS stated that it could not address reimbursement at the MDT meeting, but asked Ms. Rosen and Mr. Snyderman to submit a written request, which would be considered separately and at a later time. Ms. Rosen and Ms. Snyderman submitted a formal request to that effect on June 1, 2005. DCPS has never responded.

## COUNT ONE
### (*Enforcement of IDEA rights*)

24.  Plaintiffs hereby adopt and incorporate by reference the allegations contained in ¶¶1-12, as if fully set forth.

25.  As prevailing parties in an action brought pursuant to the IDEA, Ms. Rosen and Mr. Snyderman were entitled to payment of their legal fees and expenses.

26.  Ms. Rosen and Mr. Snyderman fully satisfied all statutory and administrative requirements imposed upon them as conditions precedent to paying them the fees and expenses to which they were entitled.

27.  DCPS ignored their request for fees and expenses, pursuant to either an affirmative policy not to pay legal fees or to deliberate indifference, endorsed by the ultimate decision maker within DCPS, to the obligation to pay the fees.

28.  DCPS's failure to pay the legal fees and expenses to which Ms. Rosen and Mr. Snyderman were entitled violated both IDEA and 42 U.S.C. §1983, as DCPS violated a clearly established federal right under color of state law.

29. Ms. Rosen and Mr. Snyderman are entitled to an award of the legal fees and expenses they incurred in enforcing Faith's right to a free appropriate public education, and to the additional legal fees and expenses they incurred in enforcing their statutory entitlement to those fees and expenses.

30. Alternatively, plaintiffs are entitled to an order remanding their request for attorney's fees and expenses to DCPS, for appropriate action consistent with their entitlement to payment of their legal fees and costs.

## COUNT TWO
### (Violation of Rehabilitation Act)

31. Plaintiffs hereby adopt and incorporate by reference the allegations contained in ¶¶1-7 and 13-23 as if fully set forth.

32. Had DCPS promptly and properly evaluated Rachel following her parents' first request for services in 2002, it would have recognized her as disabled within the meaning of the Rehabilitation Act and would have immediately provided occupational therapy and speech/language services for her.

33. Instead, DCPS's delay forced Ms. Rosen and Mr. Snyderman to incur significant expenses in obtaining private evaluations for Rachel, as well as the private therapies recommended by the evaluators.

34. The privately provided therapies were so successful that by the time DCPS finally convened a proper MDT meeting, Rachel no longer needed speech/language therapy. In effect, Ms. Rosen and Mr. Snyderman did DCPS's work for it.

35. DCPS's failure to timely evaluate Rachel, recognize her entitlement to service or provide those services violated the Rehabilitation Act.

36. Ms. Rosen and Mr. Snyderman are entitled to reimbursement of the expenses they incurred in providing evaluations and services for Rachel that should properly have been provided by DCPS.

37. Alternatively, plaintiffs are entitled to an order remanding this matter to DCPS for appropriate processing of their ignored request for reimbursement, which has been pending with DCPS for nearly one year.

**Wherefore,** based upon the foregoing, plaintiffs demand judgment against defendants as follows:

A. Entry of judgment in the amount of the reasonable attorney's fees and expenses plaintiffs incurred as prevailing parties in an action brought under the Individuals with Disabilities Education Act on behalf of minor plaintiff Faith Snyderman or, alternatively, an order directing defendants to complete any administrative procedures needed to effectuate payment of the legal fees and expenses to which plaintiffs are entitled on Faith's account;

B. Entry of judgment in an amount sufficient to fully reimburse plaintiffs for all costs incurred in providing the assessments and therapy for minor plaintiff Rachel Snyderman that DCPS

should have provided for her or, alternatively, an order directing defendants to complete any administrative procedures needed to effectuate reimbursement of the expenses to which plaintiffs are entitled on Rachel's account;

    C.    An award of pre- and post-judgment interest on all sums awarded, at the highest legal rate available;

    D.    An award of the costs of this action, including reasonable attorney's fees; and

    E.    Such other and further relief as the Court deems just and proper.

_____
Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
Attorneys for plaintiffs