*Exhibit 1*

# District of Columbia Public Schools
### Office of Management Services
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| FAITH SNYDERMAN, STUDENT ) | |
| ) | |
| Date of Birth: June 18, 1993 ) | |
| ) | |
| Petitioner, ) | Hearing Date: March 2, 2004 |
| ) | |
| v. ) | Request for Hearing: January 28, 2004 |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | |
| Respondent. ) | Held at: 825 North Capitol Street, N.E. |
| ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Student Attending: Lowell School ) | |
| Home School: Murch E.S. ) | |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Mark Snyderman & Lois Rosen |
| | 4740 Connecticut Avenue, N.W., #412 |
| | Washington, D.C. 20008 |
| **Counsel for Petitioner:** | Diana M. Savit, Esquire |
| | Savit & Szymkowicz, LLP |
| | 900 S Street, N.W. |
| | 7315 Wisconsin Avenue; Suite 601N |
| | Bethesda, Maryland 20814 |
| | (301) 951-9191; Fax: (301) 718-7788 |
| **Counsel for DCPS:** | Quinne Harris-Lindsey, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

2

SS No. 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

    An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

*Faith Snyderman v. District of Columbia Public Schools*

| Child And Child's DCPS ID # or SSN | Faith Snyderman SS No. 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 |
|---|---|
| Child's Parent(s) (specific relationship) | Mark Snyderman & Lois Rosen |
| Child/Parent's Representative | Diana M. Savit, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |

2

SS No. 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

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a ten year-old student attending Lowell School ("Lowell"). On January 28, 2004, Petitioner filed a *Request for Hearing* ("*Request*") alleging that the District of Columbia Public Schools ("DCPS") had failed to provide Petitioner an appropriate placement. The due process hearing was convened on March 2, 2004. By agreement, the parties' Five Day Disclosure Notices were not admitted into evidence at the hearing. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as described in the Findings of Fact below.

**Findings of Fact**

1. Petitioner is a ten year-old student attending Lowell School.[1]

2. During the hearing, the parties agreed to relief for Petitioner as detailed in the first eleven paragraphs of Hearing Officer's Exhibit No. 1.

**Conclusions of Law**

The parties' agreement is in Petitioner's best interests.

**ORDER**

Upon consideration of Petitioner's request for a due process hearing, Hearing Officer's Exhibit No. 1, and the representations of the parties' counsel, this 10th day of March 2004, it is hereby

**ORDERED**, that DCPS shall reimburse Petitioner's parents for tuition and related service expenses incurred for school years 2000-2001 through to the present, and continuing until such time as the parents accept a DCPS-proposed alternative placement or DCPS prevails at a due process hearing regarding its proposed alternative placement. Petitioner will remain in her current placement, Lowell, until her placement is changed as provided in this paragraph. Payment for related services is contingent upon receipt of

---

[1] *Request* at 1.

3

SS No. 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

appropriate documentation supporting the services. DCPS shall tender payment within 30 days following receipt of the parents' documentation.

IT IS FURTHER ORDERED, that Petitioner shall obtain the following independent assessments at the expense of DCPS, in accordance with 5 D.C.M.R. Section 3027.5: speech and language, psychoeducational, and social history. Petitioner's counsel shall immediately forward copies of the completed evaluations to the DCPS Office of Mediation and Compliance by facsimile and first-class mail.

IT IS FURTHER ORDERED, that within 15 school days of receiving the independent evaluations from Petitioner's counsel, DCPS will convene an MDT meeting. The MDT shall review current evaluations, update Petitioner's IEP, develop a compensatory education plan, and, if appropriate, discuss placement.

IT IS FURTHER ORDERED, that DCPS shall coordinate scheduling all MDT/IEP meetings with Petitioner's parents. Notices will be sent to the parents' home address by mail, with a simultaneous telephone call to their home number, (202) 966-9444, to advise them that material has been mailed.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that in the event DCPS is unable to comply with the terms of this order as a result of unforeseen circumstances beyond its control, DCPS will request that Petitioner's counsel agree to extend the deadlines or negotiate new timelines, whichever is appropriate. Petitioner's counsel will not unreasonably deny any such request.

IT IS FURTHER ORDERED, that Petitioner's counsel will contact the DCPS Office of Mediation and Compliance when there has been a failure to comply with the terms of this order to facilitate compliance prior to filing a hearing request alleging DCPS' failure to comply.

IT IS FURTHER ORDERED, that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in

4

SS No. 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

controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

_____
Terry Michael Banks
Hearing Officer

Date: March 10, 2004

Issued: 3-10-04

Copies to:

Diana M. Savit, Esquire
Savit & Szymkowicz, LLP
900 S Street, N.W.
7315 Wisconsin Avenue; Suite 601N
Bethesda, Maryland 20814
(301) 951-9191; Fax: (301) 718-7788

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[2] See Amman v. Town of Stow, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); Spiegler v. District of Columbia, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5