**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **F. S., a minor, by and through her** | : | |
| **parents and next friends, Lois Rosen** | : | |
| **and Mark Snyderman, et al.[1]** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 06-0923 (EGS)** |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____ :

**DEFENDANTS' MOTION FOR PARTIAL  DISMISSAL**
**OF PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE,**
**TO SEVER THE CLAIMS**

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this

honorable Court to dismiss the claim of plaintiff R. S. in its entirety, and also dismiss the

Section 1983 and Section 504 claims in Plaintiffs' Complaint, for failure to state a claim

for which relief can be granted.  Should the Court not dismiss the claim of R. S.,

defendants, move alternatively, that the parties and claims be severed pursuant to Fed. R.

Civ. P. 20 (a).

The reasons for the motion are set forth in the accompanying memorandum of

points and authorities.  Two proposed orders are also submitted herewith.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

_____

[1] Defendants have redacted the two minor plaintiffs' names, pursuant to LCvR 5.4 (f).  See also, *Angela Flores v. District of Columbia,* Civ. Action No. 05-653, Memorandum Opinion filed June 15, 2006, note 3.

GEORGE C. VALENTINE
Deputy Attorney General for the District of Columbia


/s/ Edward P. Taptich_____
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2



/s/ Maria L. Merkowitz_____
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
Email – maria.merkowitz@dc.gov


June 16, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | : | |
| **F. S., a minor, by and through her** | : | |
| **parents and next friends, Lois Rosen** | : | |
| **and Mark Snyderman, et al.** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 06-0923 (EGS)** |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

_____


### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL

### Preliminary Statement.

Plaintiffs filed the instant lawsuit on May 16, 2006, against the District of
Columbia ("District") and Clifford Janey, as Superintendent of the District of Columbia
Public Schools ("DCPS").  This action, as it pertains to the minor plaintiff, F. S., alleges
that F. and her parents prevailed in an administrative hearing brought pursuant to the
Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA").  As
such they are entitled to an award of attorney's fees.  To date they have not received any
payment and thus the Complaint seeks recovery of attorneys' fees.

The Complaint, as it pertains to the minor plaintiff, R. S., is of an entirely
different character.  As to R.S. the Complaint seeks reimbursement for evaluations and
services the parents paid on behalf of their daughter. The Complaint, generally, seeks
only monetary relief.

The first heading of the Complaint states that it seeks "[e]nforcement of rights pursuant to Individuals with Disabilities Education Act/violation of 42 U.S.C. Sec. 1983/violation of Rehabilitation Act of 1973"  Count One of the Complaint alleges a violation of 42 U.S.C. Sec. 1983 for DCPS's failure to pay legal fees and expenses. Count Two alleges a violation of the Rehabilitation Act. As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

### I.    Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.  See District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief").  Based on the allegations in the complaint, and construing the complaint most favorably to the plaintiffs, certain of their claims fail as a matter of law.

### II.    To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error.  42 U.S.C.§1983 states:

Every person, who under color of a statute, ordinance, regulation, custom,

or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation.  See e.g., <u>Monell v. Dep't of Social Services of the City of New York</u>, 436 U.S. 658, 694 (1978); <u>Daskalea v. District of Columbia</u>, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under § 1983.  In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

<u>Walker v. District of Columbia</u>, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also <u>Jackson v. District of Columbia</u>, Civ. No. 02-0968 (D.D.C., September 21, 2003); <u>R.S. v. District of Columbia</u>, 292 F. Supp. 2d 23 (D.D.C. 2003).

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to

three of the four elements of a violation of the statute.  Jackson v. District of Columbia, *supra*, slip op. at 10.  Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia."  Id.  See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation.  Accordingly, any claims based on Section 1983 must be dismissed.

**III.**     **Plaintiffs do not Have a Claim Under Section 504 of the Rehabilitation Act**.

Complaints arising under IDEA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law.  First, that statute — intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624, 626, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) — is wholly irrelevant here.  The Complaint does not assert that any discriminatory employment claims are involved in this action.  To the extent the complaint may be limited to administrative activities relating to "a free appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act.  Speaking of the Education of the Handicapped Act ("EHA"), the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education.  We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of  [29 U.S.C. §794].

Smith v. Robinson, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, Plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794.  *See also* Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)).  To show such a violation of the Rehabilitation Act in the context of IDEA, Plaintiffs must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA.  Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)).  Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504.  However, even if Section 504 of the Rehabilitation Act were deemed applicable, Plaintiffs' Complaint fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute.  Accordingly, Plaintiff's failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must results in its dismissal.  See, Lavon Savoy-Kelly v. Eastern High School, *supra*, slip op. at 10.

**IV.**    **Plaintiffs have failed to Exhaust Their Administrative Remedies as to the Allegations Applicable to R. S.**

The doctrine of exhaustion of administrative remedies provides that:

> "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 82 L. Ed. 638, 58 S. Ct. 459 (1938). The exhaustion requirement may arise under a statute specifically, or be implied from an administrative scheme providing avenues of agency relief. *See Linfors v. United States*, 673 F.2d 332 (11th Cir. 1982).

*Nichols v. Board of Trustees*, 725 F. Supp. 568, 571 (D.D.C.1989).[2]

In the instant case, Plaintiffs claim that despite five evaluations by DCPS and two reviews of private evaluations, between 2003 and 2005, DCPS failed to properly evaluate R. S.  However, as evidenced by the Complaint, Plaintiffs never sought a due process hearing to challenge DCPS' alleged failure to evaluate.

The IDEA and its corresponding regulations specifically provide due process procedures to safeguard students' rights under the statute.  *See* IDEA, 20 U.S.C. § 1415; 34 C.F.R. §§ 300.507-512; 5 D.C.M.R. § 3029-3031.  Students or their guardians can bring their IDEA complaints in the first instance before impartial hearing officers.  *See Id*.  A hearing officer's decision is the final administrative decision, and an aggrieved party may then bring a civil action in any court of competent jurisdiction.  *See* 20 U.S.C.

---

[2]   The *Nichols* Court goes on to explain that:
In *McKart v. United States*, 395 U.S. 185, 23 L. Ed. 2d 194, 89 S. Ct. 1657 (1969), the Supreme Court articulated the policies behind the requirement of exhaustion: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Id.* at 193-95.
725 F. Supp. at 571.

1415(i)(2); 34 C.F.R. § 300.512; 5 D.C.M.R. 3031.5.  Clearly, Congress intended for

individuals to exhaust their administrative remedies under the IDEA before filing suit in

federal court.  *See Moss v. Smith*, 794 F. Supp. 11, 13 (D.D.C. 1992) (Court citing *Smith*

*v. Robinson*, 468 U.S. 992 (1984).

Because Plaintiffs sought relief from this Court for R. S. without first obtaining a

final administrative action from DCPS under the IDEA, this Court should dismiss R. S.'s

claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1).  *See*

*Moss v. Smith*, *supra*.  The *Moss* Court found that the plaintiff was required to exhaust

her administrative remedies under the IDEA prior to filing suit because the administrative

remedies available were neither futile nor inadequate.  *See Id.*  Plaintiffs have made no

such showing that in the instant case the administrative remedies were not available to

them.  Accordingly, the claim of R. S. should be dismissed.

### V.    Should the Court Deny Defendants' Motion to Dismiss the Claims of R. S., Said Claims Should be Severed.

Fed. R. of Civ. Pro. 20(a) permits joinder of parties in one action "if they assert

any right to relief jointly, severally, or in the alternative in respect of or arising out of

the same transaction, occurrence, or series of transactions or occurrences and if any

question of law or fact common to all these persons will arise in the action."  Here,

plaintiff F. S. bases her claim on the alleged fact that she and her parents prevailed at

an administrative hearing under IDEA, and consequently are entitled to an award of

attorney's fees and expenses reasonably incurred.  (Complaint at par. 10)

On the other hand, the claim of R. S. is a request for reimbursement of expenses

incurred as the result of unadjudicated and unauthorized expenditures for evaluations.

Thus, the claims of the two parties are not "logically related." *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610 (1926). Nor is there any common question of law or facts as to the plaintiffs' claims.  Accordingly, should the Court deny defendants' motion to dismiss the claims of R.S., the Court should then sever the claims of the two minor plaintiffs.

## **CONCLUSION**

As to the claim of R. S. this honorable Court lacks subject matter jurisdiction as this plaintiff has failed to exhaust her administrative remedies.  As to plaintiffs' assertion of a claim under Section 1983, it is without merit because it does not meet the four-part test applicable to such claims. Additionally, plaintiffs do not have a claim under Section 504 of the Rehabilitation Act because there are not (and could not properly be any) assertions of employment discrimination.  Accordingly, the claim of R. S. should be dismissed and any Section 1983 and Section 504 claims remaining should also be dismissed.

Further, because the claims of the two minor plaintiffs are neither logically related, nor have any questions of law or fact in common, said parties and claims should be severed, should the Court not grant defendants' motion to dismiss the claims of R. S.


Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General for the District of Columbia

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX - (202) 727-3625
Email – maria.merkowitz@dc.gov


June 16, 2006

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

F. S., a minor, by and through her          :
parents and next friends, Lois Rosen        :
and Mark Snyderman, et al.                   :
                                             :
                                             :
        Plaintiffs,                          :
                                             :
        v.                                   :    Civil Action No. 06-0923 (EGS)
                                             :
DISTRICT OF COLUMBIA, et al.,                :
                                             :
        Defendants.                          :
_____     :

## **ORDER**

Upon consideration of Defendants' Motion for Partial Dismissal of the Plaintiffs'

Complaint, the Opposition to the same, and the entire record herein, it is this _____

day of _____ 2006, hereby

ORDERED, that Defendants' Motion is GRANTED;

IT IS FURTHER ORDERED, that the claim of R. S. is dismissed with prejudice,

and,

IT IS FURTHER ORDERED, that plaintiffs' claim based on the Rehabilitation

Act and Section 1983 are dismissed with prejudice.


_____

Judge Emmett G. Sullivan

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              :
**F. S., a minor, by and through her**        :
**parents and next friends, Lois Rosen**      :
**and Mark Snyderman, et al.**                :
                                              :
                                              :
        **Plaintiffs,**                       :
                                              :
        **v.**                                :   **Civil Action No. 06-0923 (EGS)**
                                              :
**DISTRICT OF COLUMBIA, et al.,**             :
                                              :
        **Defendants.**                       :
_____       :


## <u>ORDER</u>

     Upon consideration of Defendants' Motion to Sever the Claims of the Parties, the

Opposition to the same, and the entire record herein, it is this _____ day of _____

2006, hereby

     ORDERED, that Defendants' Motion is GRANTED;


_____

Judge Emmett G. Sullivan