United States District Court
for the District of Columbia

| | |
|---|---|
| **F.S.,** a minor, *et al.,*<br><br>    **Plaintiffs**<br><br>    v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.,*<br><br>    **Defendant**s | Civil Action No. 06-00923 (EGS) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER THE CLAIMS**

Plaintiffs, two minor disabled students and their parents, have filed suit against defendants the District of Columbia and Clifford B. Janey, Superintendent of the District of Columbia Public Schools (collectively, "defendants" or "the District"), to vindicate, in one instance, the student's rights under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and the Civil Rights Act of 1871, 42 U.S.C. §1983 ("§1983) and, in the other, the student's rights under the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehabilitation Act").

Plaintiffs have separately opposed defendants' partial motion to dismiss their complaint. In this memorandum, we oppose defendants' alternative motion to sever the parties' claims.

At the outset, we note that it is not clear precisely what relief defendants seek when they ask the court to "sever" the claims. Do they want the Court to create two distinct cases, each with its own civil action number? Do they want discovery to proceed on separate tracks? Do they want separate trials? It is difficult to respond to a motion that does not say what it wants the Court to do.

Defendants ground their motion on Fed. R. Civ. P. 20(a), which permits joinder of plaintiffs

> ...if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action....A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 20(a) does not say what should happen if parties or claims are joined who should not be. For that, we turn to Fed. R. Civ. P. 21, which provides

**Misjoinder and non-joinder of parties**

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The two minor plaintiffs are sisters who are disabled students enrolled in District of Columbia public schools. The District has failed to meet various obligations to them, as imposed by various applicable statutes. Their parents are likely witnesses in both cases. Both students allege that they have been harmed by defendants' chronic failure to honor their obligations to disabled students. Particularly with respect to minor plaintiff F.S.'s claim that the District's failure is part of its deliberate indifference to its obligations to disabled students (and consequently rises to the level of a violation of §1983), minor plaintiff R.S.'s experiences with massive delays in assessing her educational needs and with defendants' refusal to address her reimbursement requests will be relevant evidence.

As is typical in District of Columbia cases involving the education of disabled students, both matters are likely to be decided on cross-motions for summary judgment or, if a trial is needed, the trials will be to the Court, sitting without a jury, and only to adjudicate those factual issues that cannot be resolved by the record. The amount of discovery either sister's claim will require is unknown at this time, but it is unlikely to be extensive.

The purpose of Rule 20(a) is to promote trial convenience and to expedite the final determination of disputes. *Miller v. Hygrade Food Products,* 202 F.R.D. 142 (E.D. Pa. 2001). Permissive joinder is committed to the Court's sound discretion and is to be liberally granted. Even if joinder is denied and the claims are severed, each proceeds to its own final judgment. *United States ex rel. St. John LaCorte v. Smithkline Beecham Clinical Lab.,* 149 F.3d 227 (3d Cir. 1998); *E.S. v. Independent School District, No. 196,* 135 F.3d 566 (8th Cir. 1998). We fail to see, in a case like this one, the advantage to defendants from severing the claims. Should the case go to trial, it will be to the Court, which can readily separate the facts and the issues as warranted, or order separate trials at that time if that seems appropriate. There is no discernible prejudice to defendants in preparing their defenses within one civil action as opposed to two separate ones. There is no practical difference between allowing the case to go forward as pled, or somehow severing the two claims.

Defendants have cited only one authority, a 1926 United States Supreme Court case decided under a predecessor to the current rules of civil procedure, before law and equity were merged. In that case the High Court, interpreting Fed. Eq. R. 30, held that a counterclaim which involved certain facts that were also essential to the complaint was sufficiently connected to the complaint to permit it to be raised in the same case. *Moore v. New York Cotton Exchange,* 270 U.S. 593 (1926). This

case sheds little light on the appropriateness of joining, under the current civil rules, disabled sisters' claims against the same entities arising from the same general pattern of delay and avoidance.

Given the tremendous discretion the Court enjoys in deciding to permit joinder, we respectfully submit that plaintiffs should be allowed to proceed in one action, reserving for later consideration whether a joint trial is needed (if there is a trial at all).

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully submit that defendants' motion to sever the claims should be denied.

/s/ *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
Attorneys for plaintiffs