UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| F. S., a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman, et al. | : : : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 06-0923 (EGS) |
| DISTRICT OF COLUMBIA, et al., | : : : |
| Defendants. | : : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

Defendants, by counsel, reply herewith to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Partial Dismissal of the Complaint filed herein July 5, 2006 ("Opposition").

**PRELIMINARY STATEMENT**

In their June 16, 2006, motion herein, Defendants argued (1) that Plaintiffs had failed to state a proper claim under 42 U.S.C. §1983, Motion pp. 4-6; (2) that Plaintiffs had failed to state a proper claim under Section 504 of the Rehabilitation Act. Motion, pp. 6-7; and, (3) that Plaintiff R.S. was not entitled to relief because she failed to exhaust administrative remedies, Motion pp. 8-9.

For the reasons set forth below, this honorable Court should find that Plaintiffs' responses to Defendants' arguments are without merit.

**ARGUMENT**

I.      **Plaintiffs Have Failed to Demonstrate a Viable Claim under 42 U.S.C. §1983.**

Plaintiffs claim that defendants, in their Motion to Dismiss, "confuse the difference between pleading a legally sufficient case and proving a *prima facie* case as an evidentiary matter." (Opposition at 5)  However, nothing is further from the truth.  In their Motion to Dismiss, defendants clearly referenced a 2003 District of Columbia District Court decision in which Judge Emmett Sullivan dismissed a Section 1983 claim in the absence of complaint allegations relating to three of the four elements set forth in Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) to establish a violation of the statute.  (Defs' Mot. at 5-6) See Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C. 2001).  Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia."  Id.  Defendants assert that here, as in Jackson, *supra*, plaintiffs have failed to make other than bald allegations concerning any alleged Section 1983 claim, and thus that portion of their Complaint should be dismissed.

   A.  **First prong of Walker**

Plaintiffs claim that they satisfy the first prong of the four-prong test set out in Walker because "F.S. specifically alleged, in paragraph 27 of the complaint, that the District deliberately failed to pay her legal fees and expenses pursuant either to a policy not to do so or to deliberate indifference to the payment obligation." (Opposition at 7)

Plaintiffs fail to state what constitutional amendment or provision of the IDEA was violated.

To develop a cognizable claim under Sec. 1983, plaintiff must show: 1) she was deprived of a right secured by the Constitution and laws of the United States, *West v. Atkins,* 487 U.S. 42, 48 (1988); *Martinez v. California,* 444 U.S. 277, 284 (1980); and 2) the conduct complained of was committed under color of law. *Woodward & Lothrop v. Hillary,* 598 A.2d 1142, 1145 (D.C. 1991).

It is a settled principle that § 1983 has no substantive provisions and does not create any rights. *Albright v. Oliver,* 510 U.S. 266 (1994) (plurality opinion) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred,'" citing *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979)); *Chapman v. Houston Welfare Rights, Org.,* 441 U.S. 600, 617 (1979) ("[I]t remains true that one cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for § 1983 by itself does not protect anyone against anything.").

Here, both in the Complaint and in their Opposition, plaintiff F.S.'s only claim is that DCPS failed to pay legal fees to which plaintiffs' counsel believes she is entitled. (Complaint at 4-5, Mot. at 5) However, plaintiff nowhere states what constitutional amendment or IDEA provision guarantees payment of attorney's fees and costs, nor does she point to any statute or regulation which would provide such a right.

Assuming, a*rguendo,* that plaintiff is claiming a violation of 20 U.S.C. §1415(i)(3)(B)(1), the IDEA provision that allows a judge to award attorney's fees to a prevailing party at his discretion., plaintiff F.S. has failed to establish a viable claim. In this action, there has been no judicial award of attorney's fees. In order to violate this

provision of IDEA, a judge must first find that Plaintiffs are prevailing parties and award attorney's fees, and ***Defendants must fail to pay those fees as ordered by the Court.*** Since no judge has made an award of attorney's fees, Plaintiffs have not satisfied the first prong of Walker—a violation of a provision of IDEA. Plaintiffs' 1983 claim must fail on that basis alone.

Moreover, the "right to reasonable attorney's fees" under IDEA is not an absolute right to fees. The statute conferring this "right" is couched in precatory terms, providing that a court, in its discretion, may award reasonable attorneys fees. *20 U.S.C. §1415(i)(3)(B)*. The Supreme Court has held that when determining whether a particular statutory provision gives right to a right enforceable under Section 1983 "the statute must [inter alia] unambiguously impose a binding obligation…In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." Blessing v. Firesone, 520 U.S. 329, 340 (1997). Thus, the "right to reasonable attorneys' fees" under the IDEA is not a right enforceable through Section 1983. See also Kaseman v. District of Columbia, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), *rev'd on other grounds,* Kaseman v. District of Columbia, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms." "It cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings.")

B. **Second prong—egregious conduct**

Plaintiffs claim that the second prong of the Walker case—that Defendants' conduct was egregious and prevented and frustrated Plaintiffs from securing equitable relief—"does not readily apply to F.S.'s situation." (Opposition at 8) Defendants would

4

disagree that the prong is inapplicable. Rather, because Plaintiffs seek only monetary damages and not equitable relief, they could not plead, never mind establish, that any behavior by defendants "prevented or frustrated [plaintiff] from securing **equitable relief** under the IDEA. Walker, *supra,* at 30. Accordingly, Plaintiffs cannot meet the second Walker prong.

### C. Third prong—custom or practice

Plaintiffs assert that they satisfy the third prong of the Walker case—Defendants have a custom or practice that is the moving force behind the violations—because, they claim, as with their alleged adherence to the first Walker prong that "F.S. specifically alleged, in paragraph 27 of the complaint, that the District deliberately failed to pay her legal fees and expenses pursuant either to a policy not to do so or to deliberate indifference to the payment obligation." (Opposition at 7) This assertion is without merit.

Summary assertions that the District has a custom or policy of failing to pay legal fees and expenses are pure pleading hyperbole. In fact, counsel in this case has been regularly reimbursed fees by DCPS for a number of years. That the specific fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

There is neither a DCPS custom, policy or practice of failing to pay, within the limitations of the statutory fee caps, IDEA attorneys' fees generally, or these counsel in particular. Neither the complaint, nor even the Opposition itself, meets the required particularity set forth in the cases cited in the Defendants' motion.

5

### D. Fourth Prong—inadequate remedies available

Regarding the fourth prong of the Walker case—that normal remedies offered under IDEA are inadequate to compensate for the harm suffered—Plaintiffs have not provided a legal argument as a basis for asserting a Section 1983 claim. Plaintiffs state only that "[t]he fourth *Walker* prong … need not be stated explicitly in a complaint like F.S.'s. She seeks payment of withheld attorney's fees and expenses; there is no compensatory education to be had." (Opposition at 8)

Since "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia," Plaintiffs' Section 1983 claim should be dismissed. Jackson v. District of Columbia, *supra,* at 10. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

### II. Plaintiffs Have Failed to Demonstrate a Viable Claim under the Rehabilitation Act.

To show a violation of the Rehabilitation Act in the context of IDEA, Plaintiffs must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

6

Here, neither plaintiffs' Complaint nor their Opposition makes any mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. Accordingly, Plaintiff's failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in its dismissal. See, <u>Lavon Savoy-Kelly v. Eastern High School</u>, *supra*, slip op. at 10.

To the extent that defendants may have erroneously argued, in their Motion to Dismiss, that plaintiff R.S. had failed to exhaust her administrative remedies under the IDEA, such argument was predicated on plaintiffs' assertion in the Complaint that the Court had jurisdiction over "[a]llegations applicable to **both plaintiffs**." (Complaint at 2) Plaintiffs claimed, *inter alia*, jurisdiction pursuant to the IDEA. (*Id.*) Reading this language, the undersigned believed that plaintiffs were bringing the lawsuit for *both* minor plaintiffs pursuant to the IDEA. To the extent that this is not the case, defendants withdraw their argument that R.S. has failed to exhaust her administrative remedies under the IDEA, but maintain that she has failed to exhaust them under the Rehabilitation Act.

Plaintiffs' assertions in their Opposition that "DCPS has never identified the administrative procedures it has established for persons with issues that fall exclusively under the Rehabilitation Act," and that R.S. and her parents have "received no notice of their procedural rights following the January 6, 2005 MDT meeting," are patently false. (Opposition at 11) Defendants are attaching to this Reply: (1) a "Notice to Parent/Guardian Rights Afforded by Section 504 of the Rehabilitation Act of 1973" signed by Mark Snyderman on 11/5/03; (2) a copy of the 11/5/03 MDT Meeting Notes which indicate that both parents, as well as counsel were present, and that the "[p]arents were provided with parental rights"; and (3) a copy of the MDT Eligibility Meeting Notes

7

for 1/6/05, indicating that plaintiff Mark Snyderman and counsel were present and that "[p]aren't rights/procedures were given to the parents." (Defendants' Exhibits 1-3)

Here, plaintiffs make no claim, either in the Complaint or in their Opposition, that they sought to exhaust any administrative remedies before bringing a civil action in this Court. Accordingly, plaintiff R.S.' claim pursuant to the Rehabilitation Act must also fail for her failure to exhaust her administrative remedies. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 82 L. Ed. 638, 58 S. Ct. 459 (1938).

## CONCLUSION

Plaintiff F.S. has failed to demonstrate a viable claim under 42 U.S.C. §1983. Plaintiff R.S. has failed to demonstrate a viable claim under the Rehabilitation Act, both because she has failed to allege either bad faith or gross misjudgment on the part of defendants and because she has also failed to exhaust her administrative remedies.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General for the District of Columbia

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, DC 20001
(202) 442-9842
Email – maria.merkowitz@dc.gov

July 14, 2006