UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| F. S., a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 06-0923 (EGS)<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEVER THE CLAIMS.**

Defendants, by counsel, reply herewith to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Sever the Claims, filed herein July 5, 2006 ("Opposition").

**PRELIMINARY STATEMENT**

This lawsuit involves the separate claims of two siblings, F.S. and R.S. As it pertains to the minor plaintiff F. S., the Complaint alleges that F.S. and her parents prevailed in an administrative hearing brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA") and, as such, they are entitled to an award of attorney's fees. To date they have not received any payment and thus the Complaint seeks recovery of attorneys' fees. Plaintiff F.S. brings her suit under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA") and 42 U.S.C. Sec. 1983.

The Complaint, as it pertains to the minor plaintiff R. S., seeks reimbursement for evaluations and services the parents paid on behalf of their daughter. This claim is brought under Section 504 of the Rehabilitation Act.

In their June 16, 2006, Motion for Partial Dismissal of Plaintiffs' Complaint[1] or, in the Alternative, to Sever the Claims, Defendants argued that should Defendants' motion to dismiss the Claims of R.S. not be granted, then the Court should sever the claims of the two parties as not "logically related" or having any common question of law or facts. (Motion at 9-10).

## I.     **The claims of F.S. and R.S. should be severed as they do not meet the requirements of Fed. R. of Civ. P. 20(a)**

Fed. R. Civ. P. 20(a) establishes the procedure governing permissive joinder of parties in a single civil action. The first sentence of that rule provides that several persons may join as plaintiffs "if they assert any right to relief jointly, severally, or in the alternative in respect or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." The quoted language contemplates two tests for joinder: (1) the occurrence of some question of fact or law common to all parties; and (2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. Both tests must be satisfied if joinder is to be permitted. Smith v. North American Rockwell Corp., 50 F.R.D. 515, 522 (N.D. Okla. 1970); Poindexter v. Louisiana Financial Assistance Corp., 258 F. Supp. 158, 165-66 (E.D. La. 1966, aff'd 389 U.S. 571 (1968) (per curiam); Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198, 200 (E.D. Pa. 1956).

---

[1] Defendants filed a Reply to Plaintiffs' Opposition to Defendants' Motion for Partial Dismissal of the Complaint on July 14, 2006.

2

Apart from the fact that the two minor plaintiffs are sisters and that both attend a DC public school, the allegations as to each sibling are completely unrelated, both in their fact patterns and the law. As stated above, F.S. and her parents bring suit under the IDEA and 42 U.S.C. Sec. 1983, and seek an award of attorney's fees because they claim they were prevailing parties at an administrative due process hearing. By contrast, Plaintiff R. S. seeks reimbursement under Section 504 of the Rehabilitation Act for evaluations and services paid on her behalf by her parents.

In an attempt to establish that the claims of both minor plaintiffs are related, plaintiffs assert that should the case proceed to trial the parents will likely be witnesses in both cases. (Opposition at 2) Plaintiffs further assert that both plaintiffs have been harmed by defendants' alleged failure to honor their obligations. (Opposition at 2) Plaintiffs do not assert that there is any common question of law.

While the parents may be witnesses in both claims, the defendants' witnesses would be completely different. One case --F.S .-- concerns a child who has been found to be "disabled" and eligible for benefits under the IDEA, and the issue is whether plaintiffs are owed attorney's fees as a result of an allegedly successful administrative hearing. The other case -- R.S. -- concerns a child who has been found ineligible for benefits under the IDEA, and the issue is whether the money expended by the parents for private evaluations and therapy should be recompensed by DCPS. Thus there are two plaintiffs, whose conditions are different and where witnesses, both lay and expert, would be different.

In their Opposition, the plaintiffs ask what advantage there is to defendants to sever the claims, or, in the alternative, what prejudice defendants will suffer if the claims

are not severed. (Opposition at 3) Whether or not there is an advantage to defendants or any prejudice to the defendants, are not determining factors in deciding whether claims should be joined pursuant to Rule 20. The factors to be considered are whether or not the claims arise out of "the same transaction, occurrence, or series or transactions" <u>and</u> whether there are "questions of law or fact common to the parties." In the instant case, there is no relationship between the minor plaintiffs other than the fact that they are sisters attending a DC public school. Further, as is evident from the face of the Complaint, there is no common question of law applicable to both plaintiffs.

Since plaintiffs have failed to establish any commonality of facts and law, or that there claims are "logically related," should this honorable Court not dismiss the claims of R.S. the claims should be severed.   See <u>Moore v. New York Cotton Exchange,</u> 270 U.S. 593, 610 (1926)

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General for the District of Columbia
>
>/s/ Edward P. Taptich_____
>EDWARD P. TAPTICH [012914]
>Chief, Equity, Section 2
>
>/s/ Maria L. Merkowitz_____
>MARIA L. MERKOWITZ [312967]
>Senior Assistant Attorney General
>441 4th Street, N.W.
>Sixth Floor North
>Washington, DC 20001
>(202) 442-9842
>Email – maria.merkowitz@dc.gov

June 17, 2006