# United States District Court
# for the District of Columbia

| | |
|---|---|
| **F.S., a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman,** *et al.,*<br><br>      **Plaintiffs**<br><br>      v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>      **Defendant**s | Civil Action No. 06-00923 (EGS) |

**AMENDED COMPLAINT**
*(Enforcement of rights pursuant to Individuals with Disabilities Education Act)*

      This action is brought to enforce the rights of a minor disabled child and her parents.  F.S, the minor child, and her parents prevailed in a due process hearing held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), and consequently are entitled to enforce the determination which issued following that hearing, and to payment of their legal fees and expenses.  Notwithstanding their victory, defendants the District of Columbia and Clifford B. Janey, Superintendent of Schools, through their agency, the District of Columbia Public Schools ("DCPS"), have not fulfilled their obligations to these plaintiffs.

*Jurisdiction*

1.    This Court has jurisdiction over the subject matter of this complaint pursuant to the IDEA, 20 U.S.C. §1415, and 28 U.S.C. §1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)

*Factual allegations*

3. Minor plaintiff F.S. resides in the District of Columbia at the address given in the caption of the complaint originally filed herein.

4. Lois Rosen ("Ms. Rosen") and Mark Snyderman ("Mr. Snyderman"), F.S.'s parents and legal guardians, reside in the District of Columbia at the address given in the caption of the complaint originally filed herein.

5. Defendant District of Columbia is a municipal corporation which, through its Board of Education, receives federal funds and consequently is subject to the provisions of the IDEA.

6. Defendant Clifford B. Janey is the Superintendent of Schools of the District of Columbia and as such is charged with operating DCPS, including its compliance with all applicable laws.

7. F.S is a disabled student who is entitled to special education and related services under the IDEA. Because DCPS did not meet its IDEA obligations to her, Ms. Rosen and Mr. Snyderman requested a due process hearing to address DCPS's failure to provide a free appropriate public education.

8. The due process hearing was scheduled for March 2, 2004. At the hearing, the parties settled their differences and a hearing officer's determination issued which embodied their agreement and also directed the parties to perform certain tasks to effectuate it. A copy of the determination (with private information about F.S. redacted) is attached hereto as Exhibit 1.

9.  F.S and her parents prevailed at the hearing and consequently were entitled to an award of the attorney's fees and expenses they reasonably incurred in securing this result.

10. F.S. and her parents timely submitted a request for payment of their legal fees and expenses to DCPS, following administrative procedures then in effect.

11. DCPS has never responded to the fee/expense request, neither taking issue with it nor paying the sums that are due.

12. The hearing officer's determination which embodied the parties' March 2, 2004 settlement and made it an order binding upon the parties provided that both F.S.'s parents and DCPS would take certain actions to ensure that DCPS continued to provide a free appropriate public education for Faith.  These included:
    a.  Mr. Snyderman and Ms. Rosen agreed to obtain new psychoeducational, speech/language and social history evaluations for F.S.
    b.  DCPS, for its part, agreed to pay for these privately obtained evaluations and then to convene a multidisciplinary team (MDT) meeting for F.S. within 15 days after receiving the updated evaluations.
    c.  Participants in the MDT meeting to be convened were directed to update F.S.'s individualized education program ("IEP"), address her entitlement to compensatory education, and discuss placement, if appropriate.
    d.  Unless and until F.S.'s placement was changed by agreement of the parties or following due process proceedings, DCPS agreed to continue to fund F.S.'s placement at The Lowell School ("Lowell"), which it further agreed would be deemed her current placement within the meaning of IDEA.

13. Shortly after the hearing officer's determination issued in March 2004, Ms. Rosen and Mr. Snyderman asked DCPS to perform the social history. DCPS did not do so until December 2005. Complying with the determination, Ms. Rosen and Mr. Snyderman obtained private psychoeducational and speech/language evaluations in 2004 and forwarded them to DCPS in August 2005.

14. During the 2006 spring semester, DCPS made some efforts to observe F.S. at Lowell but never completed the process and did not convene an MDT meeting. Consequently, it did not prepare an IEP for F.S., nor did it propose a placement for her, thereby failing to comply with the March 2004 hearing officer's determination.

15. In June 2006, F.S. completed the sixth grade at Lowell and graduated. Because DCPS had never completed the evaluation process, had never prepared an IEP for F.S., and had never proposed a placement for her, Ms. Rosen and Mr. Snyderman searched on their own for a new school for her. F.S. was accepted at The Edmund Burke School ("Burke"), which offers a program comparable to Lowell's beyond the sixth grade.

16. On September 18, 2006, DCPS invited Ms. Rosen and Mr. Snyderman to an MDT meeting for F.S. The meeting was scheduled for October 12, 2006 by agreement of all participants.

17. After DCPS scheduled the meeting–and shortly before it was to take place–DCPS sent a representative to Burke to observe F.S. DCPS had not obtained Ms. Rosen's and Mr. Snyderman's permission to observe F.S., nor had it contacted the school to schedule the observation, and therefore Burke–consistent its policies–declined to allow the observation to take place at that time. When later contacted, Ms. Rosen and Mr. Snyderman promptly

gave consent for the observation, which DCPS then scheduled at its convenience; however, because DCPS had left itself so little time to complete this task before the already-scheduled MDT meeting, the only opportunity available to it for observation was on the morning of October 12, 2006, a day on which F.S. was participating in a special assembly. Consequently, DCPS did not observe F.S. engaged in classroom academics. DCPS did not otherwise attempt to gather any information about F.S.'s previous or current educational performance beyond what it learned from the three evaluations performed pursuant to the hearing officer's determination.

18. The MDT meeting took place on October 12, 2006 as scheduled. The DCPS representatives disclosed that they were unaware of F.S.'s prior special education history or of the March 10, 2004 hearing officer's determination, and that they had no file for F.S. and no information about her other than the three recently performed evaluations. The DCPS participants were under the erroneous impression that F.S. was new to the system and was requesting special education for the first time.

19. At the MDT meeting, DCPS announced that it would not accept information about F.S.'s prior history from her parents unless it could confirm that information from its own records, but was unable to find any of the relevant records. DCPS also said it would not accept information about F.S.'s educational performance from her current tutor or therapist, although both were present. Instead, DCPS said that it required information about her school performance, which it had not previously requested, yet refused to postpone the meeting in order to obtain the purportedly necessary information. DCPS then proceeded to find F.S. ineligible for special education due to lack of information about the impact of F.S.'s disability upon her academic performance.

20. Because DCPS found F.S. ineligible for special education, it did not prepare an IEP for her nor did it propose a special education placement for her.

21. Both at and following the MDT meeting, Ms. Rosen and Mr. Snyderman asked DCPS to honor its obligation to continue to fund F.S. in an appropriate special education placement while they challenge the ineligibility finding. At the meeting, DCPS indicated that it would not fund F.S.'s further special education because it had no records showing that she was currently a special education student, although it was shown a copy of the March 10, 2004 hearing officer's determination. It has not responded to a subsequent letter reiterating the request for funding in F.S.'s current placement while this matter is unresolved.

22. The March 10, 2004 hearing officer's determination imposes upon Ms. Rosen and Mr. Snyderman the obligation to notify DCPS's Office of Mediation and Compliance of any violations of the determination prior to initiating a due process hearing. Ms. Rosen and Mr. Snyderman satisfied this obligation by letter sent to DCPS and its Office of Mediation and Compliance on October 20, 2006. No response has been received.

23. On December 29, 2006, Ms. Rosen and Mr. Snyderman requested a due process hearing to challenge DCPS's determination of ineligibility and failure to provide special education for F.S. during the current school year. A copy of that request (redacted to remove personal information about F.S.) is attached hereto as Exhibit 2.

24. Because DCPS has stated that it will not comply with the hearing officer's determination or its IDEA obligation to continue to maintain F.S. in a special education placement while due process proceedings are pending, Ms. Rosen and Mr. Snyderman will be required to fund

F.S.'s placement at Burke absent intervention from this Court to enforce the March 10, 2004 determination.

## COUNT ONE
*(Enforcement of IDEA rights/legal fees and expenses*

25. Plaintiffs hereby adopt and incorporate by reference the allegations contained in ¶¶1-24 as if fully set forth.

26. As prevailing parties in an action brought pursuant to the IDEA, Ms. Rosen and Mr. Snyderman were entitled to payment of their reasonable legal fees and expenses.

27. Ms. Rosen and Mr. Snyderman fully satisfied all statutory and administrative requirements imposed upon them as conditions precedent to paying them the fees and expenses to which they were entitled, and timely submitted an application for payment, to which they have received no response.

28. DCPS's failure to pay the legal fees and expenses to which Ms. Rosen and Mr. Snyderman were entitled violated IDEA.

29. Ms. Rosen and Mr. Snyderman are entitled to an award of the legal fees and expenses they incurred in enforcing Faith's right to a free appropriate public education, and to the additional legal fees and expenses they incurred in enforcing their statutory entitlement to those fees and expenses.

30. Alternatively, plaintiffs are entitled to an order remanding their request for attorney's fees and expenses to DCPS, for appropriate action consistent with their entitlement to payment of their legal fees and costs.

## COUNT TWO
*(Enforcement of IDEA rights/maintenance of current placement)*

31. Plaintiffs hereby adopt and incorporate by reference the allegations contained in ¶¶1-24 as if fully set forth.

32. Under IDEA, its implementing regulations, applicable local law and the March 10, 2004 hearing officer's determination, F.S. is entitled to remain in her current special education placement while proceedings to challenge DCPS's attempt to change that placement continue.

33. DCPS has refused to honor its legal obligation to maintain F.S.'s special education placement under the described circumstances.

34. As F.S. is no longer able to attend Lowell due to her graduation from its program, Burke constitutes an appropriate and comparable program, and should be viewed as her current educational placement within the meaning of IDEA.

35. F.S. and her parents are entitled to an order directing DCPS to place and fund F.S. at Lowell unless and until her placement is changed consistent with the procedures established under IDEA, its implementing regulations, District of Columbia law and the March 10, 2004 hearing officer's determination.

**Wherefore,** based upon the foregoing, plaintiffs demand judgment against defendants as follows:

A.  Entry of judgment in the amount of the reasonable attorney's fees and expenses plaintiffs incurred as prevailing parties in an action brought under the Individuals with Disabilities Education Act on behalf of minor plaintiff F.S. or, alternatively, an order directing defendants to complete any administrative procedures needed to effectuate payment of the legal fees and expenses to which plaintiffs are entitled on Faith's account;

B.  Entry of an order finding The Edmund Burke School to be minor plaintiff F.S.'s current special education placement and directing defendants to place and fund F.S. at that school until that placement is changed in accordance with applicable law;

C.  An award of pre- and post-judgment interest on all sums awarded, at the highest legal rate available;

D.  An award of the costs of this action, including reasonable attorney's fees; and

E.  Such other and further relief as the Court deems just and proper.

/s/   *Diana M. Savit*
Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20814
(301) 951-9191
Attorneys for plaintiffs

9

## Certificate of Service

I hereby certify that, this 8th day of January, 2007, a copy of the foregoing amended complaint, with exhibit was served by mail, first class postage prepaid, upon Maria L. Merkowitz, Esq., Senior Assistant Attorney General, attorney for defendants, 441 4th Street, N.W., Sixth Floor North, Washington, D.C. 20001.

_____

Diana M. Savit