*Exhibit 2*

***State Educational Agency for the District of Columbia***
***State Enforcement and Investigation Division (SEID)***
***Special Education Programs***

# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a due process complaint notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- Parents initiating a complaint must provide a completed due process complaint form to the Local Education Agency ("LEA"). For students in traditional public schools, non-public day school, or residential treatment facility, notice to the LEA shall be provided to the Office of the General Counsel, 825 N. Capitol St. NE, Washington, D.C. 20002, with a copy to the Student Hearing Office. If a charter school is a named party, the due process complaint must be provided to the principal or director of the charter school, with a copy to the Student Hearing Office.

- **Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.** Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution sessions.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

- Policies and Procedures governing due process hearings are contained in federal and local law and the SHO SOP. You may obtain a copy of the SOP from the Student Hearing Office or any D.C. Public or Charter School without cost. The SOP is also at the DCPS website.

## A.    **Information About the Student:**

Student Name:   F██ S██████████ _____    Birth Date: ██████████ _____

Address:   4740 Connecticut Avenue, N.W., #412, Washington, D.C.  20008 _____

Home School:   Alice Deal Junior High School _____

Present School of Attendance:   ____ Edmund Burke School _____

Revised May 1, 2006

Is this a charter school? ___No_____    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student:___Lois Rosen & Mark Snyderman_____

Address (if different from the student's above): _____same_____

Phone/Contact Number:_(202) 966-9444_____    Fax Number (if applicable):  _(202) 401-0220_____

## B.    Individual Making the Complaint/Request for Due Process Hearing:

Name: ___Lois Rosen & Mark Snyderman_____

Complete Address:  4740 Connecticut Avenue, N.W., #412, Washington, D.C.  20008 _____

Phone: (h) (202) 966-9444_____    (w) (202) 401-1949_____    (Fax) _____    (e-mail) loismark@starpower.net

Relationship to the Student:

[X]    Parent            [ ]    Legal Guardian            [ ]    Parent Surrogate

[ ]    Self/Student        [ ]    Local Education Agency (LEA)    [ ]    Parent Advocate

## C.    Legal Representative/Attorney (if applicable):

Name: Diana M. Savit, Esq., Savit & Szymkowicz, LLP

Address: 7315 Wisconsin Avenue, Suite 601N, Bethesda, Maryland 20814

Phone: (w) (301) 951-9191        (Fax) (301) 718-7788    (e-mail)    dms@bowsslaw.com

Will attorney/legal representative attend the resolution session?        [X] Yes        [ ] No

## D.    Complaint Made Against (check all that apply):

[X] DCPS school (name of the school if different from page one) _____

[ ] Charter school (name of the charter school if different from page one) _____

[ ] Non-public school or residential treatment facility (name) _____

[ ] Parent

## E. Resolution Session Between Parent and LEA:

1 understand that it is my right to have a resolution session to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution session to avoid having this meeting.)

Revised May 1, 2006                                2

[ ] I wish to waive the Resolution Session.

## F.     Mediation Process:

IDEA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session. Mediation is also available prior to a due process hearing, but mediation may not be used to deny or delay a parent's right to a hearing on the parent's due process complaint. Please check all that apply:

[ ]      I am requesting mediation as an alternative to the resolution session meeting.

[ ]      I am requesting mediation services **only**.

[X]      I do not wish to use a mediator at this time.

## G.     Facts and Reasons for the Complaint:

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions. Provide complete details about all the facts supporting your claims. (You may attach additional pages if needed):

1.      What is the nature of the problem, including the facts relating to the problem, that will need to be addressed at a Resolution Session meeting, a Mediation Conference, and/or a Due Process Hearing?

F███ has previously been identified as eligible for IDEA services and has received same from DCPS for many years. On March 2, 2004, DCPS and F███'s parents settled a due process hearing request by agreeing that DCPS would continue to provide special education services for F███ by funding her placement at The Lowell School ("Lowell") until that placement was changed, either by agreement of the parties or through proper due process procedures. Ms. Rosen and Mr. Snyderman agreed to provide, at DCPS expense, updated psychoeducational, speech/language and social history evaluations to allow DCPS to prepare a new individualized education program for F███, develop a compensatory education plan and propose a placement, if appropriate. DCPS agreed to convene a multidisciplinary team ("MDT") meeting to accomplish all of this within 15 days after receiving the new evaluations. The settlement was memorialized in a hearing officer's determination which issued on March 10, 2004.

Shortly after the determination issued, Mr. Snyderman and Ms. Rosen asked DCPS to conduct the social history evaluation. They arranged for the psychoeducational and speech/language evaluations which were completed by November 2004. DCPS did not prepare the social history until December 2005. It made perfunctory attempts to monitor her progress at Lowell but never prepared an individualized education program for her nor proposed a placement.

DCPS continued to fund F███ at Lowell until she completed 6th grade and graduated in June 2006. Because DCPS was not complying with the 2004 HOD and appeared unlikely to be able to propose a placement for F███ by the start of the 2006-07 school year, her parents found a placement comparable to Lowell, The Edmund Burke School ("Burke"), which she entered in fall 2006.

DCPS did not convene the required MDT meeting until October 12, 2006. The DCPS participants did not know about the prior hearing officer's decision, had no information about F███ before the meeting other than what they obtained from the three evaluations prepared pursuant to that decision (copies of which were provided to them by F███'s parents, as DCPS did not know they existed), did not know that F███ had previously been found eligible for special education nor that she was a funded student, and had acquired no information about her academic/educational performance. Consequently, at the meeting they viewed F███ as a student new to the system who was seeking special

education for the first time, and found her ineligible for special education because they claimed they lacked information sufficient to find her disabled or to ascertain the disability's impact upon her education. DCPS refused to consider information about F█████ available from her parents, her tutor and her therapist, all of whom attended the MDT meeting. DCPS also refused to defer its decision until it could obtain the information it said it lacked, even after being informed about F███'s history and despite the legal obligation imposed upon it by IDEA and the 2004 HOD to do precisely that. It has since failed to confirm that it will continue to fund F███'s current placement while proceedings to challenge its ineligibility determination are pending.

2.    To the extent known to you at this time, how can this problem be resolved?

      a.    Find F████ eligible for special education and direct DCPS to develop an IEP for her and propose an appropriate placement for her or, alternatively, direct DCPS to assemble all information needed to properly consider her eligibility for special education and then to proceed as required under IDEA once the appropriate information has been obtained.

      b.    Order DCPS to continue to comply with the March 10, 2004 hearing officer's determination–including funding F███ in a program comparable to that offered at Lowell–until procedurally proper events have superseded it.

3.    Issues presented:

      a.    Did DCPS comply with the March 10, 2004 hearing officer's determination?
      b.    Did DCPS violate IDEA and its implementing regulations by failing to obtain all required information in order to properly assess F███'s current eligibility for special education?
      c.    Did DCPS violate IDEA by failing to find F███ eligible based upon the information available to it at the MDT meeting or, alternatively, did DCPS violate IDEA by failing to postpone its decision making until it gathered sufficient information to make informed determinations about F███'s eligibility and special education needs?
      d.    Has DCPS failed to provide a free appropriate public education for F███?

## H.    Estimated amount of time needed for the hearing:        One day

Note: In the absence of a specified amount of time, the SHO schedules hearings in two hour blocks of time and will allocate two hours to conduct the hearing. Please indicate if you believe more than two hours will be needed.

## I.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

•    Interpreter (please specify the type) _____

•    Special Communication (please describe the type)_____

•    Special Accommodations for Disability (please be specific)_____

•    Other _____

**J.**     <u>**Waiver of Procedural Safeguards (Optional):**</u>

[ ] I (parent/guardian) waive receiving a copy of the procedural safeguards at this time. I understand that waiver of this right is optional and not a requirement for filing this Complaint.

**K.**     <u>**Requirement to Consider Compensatory Education:**</u>

**If a hearing is held on a date that is past the date on which the Hearing Officer's Determination was required to be issued, there is a rebuttable presumption of harm and compensatory education must be an issue considered by the Hearing Officer during the hearing.**

**L.**     <u>**Parent or Local Educational Agency Signature and Affirmation:**</u>

I affirm that the information provided on this form is true and correct.

_Lois Rosen & Mark Snyderman / DMS_                        December 29, 2006

Signature of Parent or Guardian                                                              Date

Signature of Representative of the Local Educational Agency                Date
(if hearing requested by a LEA)

**M.**     <u>**Signature of Attorney/ Legal Representative:**</u>

_Diana M. Savit_                                                        December 29, 2006

Legal Representative/Advocate                                                               Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

Revised May 1, 2006                              5