UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| F. S., a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman, et al., | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civil Action No. 06-0923 (EGS) |
| DISTRICT OF COLUMBIA, et al., | : <br> : |
| Defendants. | : <br> : |

### DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR A STAY OF PROCEEDINGS.

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this honorable Court to dismiss Count Two of plaintiffs' Amended Complaint, filed on January 8, 2007. The grounds for said motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov


January 22, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **F. S., a minor, by and through her parents and next friends, Lois Rosen and Mark Snyderman, et al.,** : : : : | |
| **Plaintiffs,** : | |
| v. : | Civil Action No. 06-0923 (EGS) |
| **DISTRICT OF COLUMBIA, et al.,** : : | |
| **Defendants.** : : | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement.

On January 8, 2007, plaintiffs filed an Amended Complaint claiming, *inter alia,* that the District of Columbia Public Schools ("DCPS") has refused to honor a legal obligation to fund and maintain the minor plaintiff in a private placement. (Complaint at 8)  Plaintiffs base their assertion on a March 10, 2004, Hearing Officer's Determination ("HOD") which found Lowell School to be the student's current placement and ordered DCPS to pay the student's tuition at Lowell "until such time as the parents accept a DCPS-proposed alternative placement or DCPS prevails at a due process hearing regarding its proposed alternative placement." (Complaint Ex. 1 at 3)  In June 2006, F.S. completed the sixth grade at Lowell and graduated.[1] (Complaint at par. 15)  On October 12, 2006, a Multidisciplinary Team Meeting ("MDT") was held wherein DCPS found F.S. ineligible for special education. (Complaint at par. 19)  On December 29, 2006,

---

[1] There is no allegation that DCPS did not continue to fund the student's tuition until she graduated from the school.

plaintiffs filed a request for a due process hearing "to challenge DCPS' determination of ineligibility and failure to provide special education for F.S. during the current school year." (Complaint at 23)  In their Amended Complaint, plaintiffs claim that "F.S. is entitled to remain in her current special education placement while proceedings to challenge DCPS' attempt to change that placement continue." (Complaint at par. 32) The student has been accepted at The Edmund Burke School ("Burke") and plaintiffs ask this Court to issue an order, *inter alia,* finding Burke to be the student's current special education placement and directing defendants to place and fund her there. (Complaint at 9)

## Argument

### I.      The Edmund Burke School is Not the Student's Current Placement and the Right of Stay Put is Inapplicable.

Plaintiffs assert that under the Individuals with Disabilities Education Act ("IDEIA") and the March 10, 2004, HOD, the student is entitled to remain in her current special education placement pending the outcome of a requested administrative due process hearing. (Complaint at par. 32)  Plaintiffs further claim that they have located and unilaterally placed F.S. in a comparable program to the one she had been attending before she graduated, and that their placement should be viewed as her current educational placement within the meaning of the IDEIA. (Complaint at par. 34)   While plaintiffs do not specifically reference any section of the IDEIA to support their claim, it can be assumed that reliance is based on 20 U.S.C. Sec. 1415(j)--the so-called "stay put" provision of the statute--, which provides, in relevant part, that

> . . . during the pendency of [administrative due process hearings under
>  Section 1415] . . . , the child shall remain in the then-current educational
>  placement of the child.

Thus, where a student has been placed by DCPS at school A, and DCPS subsequently revises the student's IEP and changes the student's placement to School B, but the student challenges the new IEP and placement by requesting a due process hearing before an administrative Hearing Officer pursuant to 20 U.S.C. §1415(f), the student is entitled to remain at School A until the conclusion of the due process proceedings.

Here, because DCPS found the student ineligible for special education, they did not propose a special education placement for her. (Complaint at par. 20) The student's parents independently located and placed their child at a school of their choosing. No determination has been made by DCPS or a Hearing Officer that the school is either an appropriate placement, or a program comparable to that to which the student was earlier assigned, or that it is "reasonably calculated to enable the child to receive educational benefits." *Board of Education v. Rowley,* 458 U.S. 176, 206 (1982). Until such a finding is made, the Burke school cannot be considered to be the student's "then-current educational placement."

## II.  Plaintiffs' Claim Before This Court is Premature.

As indicated in the Amended Complaint, plaintiffs have challenged the MDT team's finding that the student is not eligible for special education, through a due process hearing request – proceedings specifically provided for in IDEIA, and ones that will consider and resolve just the issues raised before the Court in this action. To that extent, the plaintiffs' suit here is premature.

In the normal course, the matter of stay-put location is invoked at the administrative level. At least two courts in this district have held that a federal district court lacks jurisdiction even to consider the applicability of the stay-put provisions until a plaintiff has identified, "*at the administrative level*," at least one specific fundamental

change in the programs DCPS is currently funding on his or her behalf.  See Moss v. Smith, 794 F.Supp. 11, 14 (D.D.C. 1992)(dismissing case sua sponte for lack of jurisdiction where plaintiffs failed to exhaust administrative remedies, and therefore "no proceeding pursuant to §1415 [was] pending")(emphasis added); Roher v. District of Columbia, Civ. Nos. 89-2425, 89-2503, 1989 WL 330800 (D.D.C. Oct. 11, 1989)(dissolving injunctions and dismissing case on jurisdictional grounds where plaintiffs failed to exhaust administrative remedies, instead providing merely "conclusory allegations that the proposed situs change was inappropriate and tantamount to a change in educational placement").

Clearly, the student's former elementary school placement is no longer available for the student, because she graduated from that level.  However, what is asked of the Court is to summarily order – without any consideration by expert educational personnel charged by statute to evaluate and decide such matters in the first instance – a placement other than the student's earlier one, despite a finding by educational personnel that the student is not in need of special education.

In appropriate cases, it may be that a Court, after a review of the record of the administrative proceeding in a proper "appeal" under IDEIA, disagrees with a Hearing Officer's conclusion that a particular student's placement by DCPS is appropriate. However, with due respect, it is entirely inappropriate for the Court to consider such matters in the current context, where information and argument on the educational propriety of the plaintiffs' unilateral school choice is considered by the Court in the first

instance, and without evidence supporting the appropriateness of the parents' choice of school.[2]

### III. It is in the Interest of Judicial Economy for the Administrative Proceeding to be Completed.

On May 16, 2006, plaintiffs filed a Complaint on behalf of their two daughters, F.S. and R.S. On September 27, 2006, plaintiffs advised this Court that they had filed a request for a due process hearing on behalf of one of the minor plaintiffs, R.S. They further added that "[b]arring unusual circumstances, all due process proceedings should be completed within approximately 60 days. *See* Individuals with Disabilities Education Act, 20 U.S.C. Sec. 1415(f); 34 C.F.R. Sec. 300.511; 5 D.C.M.R. Sec. 3022.1*et seq*. By that time, plaintiffs will know whether all issues relating to R.S.'s education have been fully resolved, or whether further litigation before this Court is needed." (Pls' Supplemental Memorandum at 2) Presumably, the issues concerning R.S. were resolved at the administrative level as the Amended Complaint has been filed only on behalf of F.S.

Now, plaintiffs have filed a due process hearing request for their second daughter, F.S. In the interest of judicial economy, should the Court not dismiss Count II of the Amended Complaint, defendants respectfully request the Court to hold any decision concerning the education placement of F.S. in abeyance until after the conclusion of the

---

[2] Where there is judicial review of administrative determinations under IDEA, courts are to avoid "substitute[ing] their own notions of sound educational policy for those of the school authorities which they review." Board of Educ.of the Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982). While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons v. Smith, 829 F.Supp. 414, 418 (D.D.C. 1993). This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. Rowley, supra, 458 U.S. at 207-08.

administrative proceedings.   Here, where plaintiffs sought and placed their daughter in a private school prior to participation in an MDT meeting with DCPS, where an administrative hearing has been requested and should take place in the immediate future, and where plaintiffs will have the opportunity to appeal an adverse decision to this Court, no harm will inure to the student if this Court holds in abeyance a decision until after the administrative process has been completed.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Edward P. Taptich
    EDWARD P. TAPTICH [012914]
    Chief, Equity, Section 2

    /s/ Maria L. Merkowitz
    MARIA L. MERKOWITZ [312967]
    Senior Litigation Counsel
    441 4th Street, N.W.
    Sixth Floor North
    Washington, DC 20001
    (202) 442-9842
    FAX  -  (202) 727-3625
    E-mail – maria.merkowitz@dc.gov